# Commonwealth *v.* Dougherty, Appellant.

*Criminal law—Prescribing drugs—Heroin—Violation of Act of
July 11, 1917, P. L. 758—Evidence—Sufficiency.*

On the trial of an indictment for prescribing drugs in violation
of the Act of July 11, 1917, P. L. 758, prohibiting the prescription
of opium or its derivatives to persons addicted thereto, a verdict of
guilty will be sustained, where the evidence established that the de-
fendant gave repeated prescriptions of heroin to a person who
was addicted to the use thereof, and sufficiently proved the identity,
quality and quantity of the drug prescribed.

The case was for the jury where the defendant failed to obey
the provisions of the Act of July 11, 1917, P. L. 758, section 8,
requiring physicians to formally notify the local health officer or
the State Department of Health when they undertake to cure the
drug habit.   Under such circumstances, a conviction will be sus-
tained, where the defendant continued to prescribe heroin to a
confessed addicted user thereof without complying with the ex-
plicit directions of the law.

Argued March 16, 1921.   Appeal, No. 20, Oct. T., 1921,
by defendant, from judgment and sentence of Q. S. Phila.

## 520 COMMONWEALTH v. DOUGHERTY, Appellant.

Statement of Facts—Opinion of the Court. [76 Pa. Superior Ct. Co., Oct. Sessions, 1919, No. 718, on verdict of guilty in the case of Commonwealth of Pennsylvania v. John G. Dougherty. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for prescribing drugs to an habitual user. Before STERN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was refusal of point requesting binding instructions.

*William T. Connor,* and with him *John R. K. Scott,* for appellant.

*Charles Edwin Fox,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY ORLADY, P. J., April 18, 1921:

The defendant was indicted and convicted of a violation of the provision of the Act of July 11, 1917, P. L. 758, the first section of which provides that, except as limited by the act the word "drug" shall be construed to include (a) opium; (b) coco leaves; or by any compound or derivative of opium or coco leaves; or (D) any substance or preparation containing any compound or derivative of opium or coco leaves. The testimony adduced by the Commonwealth clearly established, first— that the defendant prescribed for one Frank Murphy, a number of times a drug called heroin, in quantities ranging from 10 to 25 grains, with the notation "used as directed." The twelve prescriptions offered in evidence began on February 27, 1919, and continued until June 9, 1919, and in several instances they were given daily.

The name of the drug was marked distinctly in each case, and on each there was a special notation of "chronic cases." They were signed on the prescription blanks of Dr. John G. Dougherty, 3625 Walnut Street, and delivered to and for Frank Murphy, 5834 Belmar Terrace. They were produced from the druggist who filled the prescriptions at the Pinchback Pharmacy, 34th and Walnut streets, Philadelphia. The witness, Frank Murphy, testified that he called on the doctor in his office, and after informing him that he was an addict to the drug habit—that he was a user of heroin—that he was sick and suffering and wanted further medicine, his principal complaint being pains in the stomach, received the prescriptions for the drug—heroin. There was no physical examination made by the physician, who did not take the temperature of the patient, nor make any examination of pulse or heart. The patient paid to the defendant $1 for each prescription.

The identity and quality of the drug prescribed was clearly established by a reputable physician who, after examining the prescription testified, that the substance written as heroin, was a derivative of morphine, which is an alkaloid of opium, and a derivative or compound thereof. The signature of Dr. Dougherty was as clearly established by unimpeached testimony.

The only assignment of error urged upon our attention is in the refusal of the court below to affirm the defendant's request for charge, which was as follows: Under all the evidence, the verdict of the jury should be not guilty,—which was refused, and an exception noted. It is urged that the act referred to, contains no prohibition against a physician prescribing drugs within the meaning of the act to any person other than a habitual user of any said drug, and the Commonwealth was bound to show affirmatively that the person for whom the drug mentioned had been prescribed, was in fact a habitual user of any of the said drugs. The words as used in the act in their ordinary and usual meaning, as well as in their

dictionary sense, are free from any doubt, and the construction is especially defined in the statute to include opium, coco leaves and any substance or preparation containing any compound or derivative of coco leaves. Section 8, of the act is as follows: "No physician or dentist shall sell, dispense, administer, distribute, give, or prescribe any of said drugs to any person known to such physician or dentist to be an habitual user of any of said drugs, unless said drug is prescribed, administered, dispensed or given for the cure or treatment of some malady other than the drug habit: Provided, however, That if any physician desires to undertake, in good faith, the cure of the habit of taking or using opium or any of its derivatives, in any form, such physician may prescribe or dispense opium or its derivatives to a patient, provided such opium or its derivatives are prescribed or dispensed in good faith, for the purpose of curing such patient. of such habit, and not merely for the purpose of satisfying a craving for the drug. In every such case the physician shall himself make a physical examination of the patient, and shall report in writing to the proper officer of the board of health of the city, borough, town or township in which he resides, or to the State Department of Health, where there is no local board of health, the name and address of such patient, together with his diagnosis of the case and the amount and nature of the drug prescribed or dispensed in the first treatment. When the patient leaves his care such physician shall report, in writing, to said officer of the board of health, or to the State Department of Health, the result of said treatment."

With the explanation given by the witness Dr. Doan, there could be no misunderstanding on the part of the jury as to the quantity, quality and effect of the use of heroin. Nor was the testimony of Frank Murphy in any way challenged, that he was a confessed helpless addict to the use of drugs. Nor could there be any reasonable doubt that a physician seeing this patient day after day

for several months and prescribing heroin for him, and marking each of the prescriptions as for a chronic case, would professionally know, that he was correctly designated as an addict to the use of this dangerous drug. The requirements of section 8, of the act in question, when a physician "prescribes or dispenses in good faith for the purpose of curing such patient of such habit, and not merely for the purpose of satisfying a craving for the drug" were entirely ignored by Dr. Dougherty, as no physical examination was made of the patient and no report in writing to the board of health of the city.

All of the facts were fairly and clearly submitted by the learned trial judge, and the jury properly instructed that if they did not come to the conclusion that the defendant had violated the act beyond a reasonable doubt, they were to acquit him.

The second assignment of error relating to the sufficiency of the charge as to a reasonable doubt, was withdrawn at the time of the argument. After a very careful examination of the whole record, we are satisfied that the trial judge committed no reversible error.

The judgment is affirmed, the record to be remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed when the appeal in this case was made a supersedeas.